UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HANH THAI WILLIAMS | CASE NO. 6:19-CV-01674 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ARMAND L ROOS | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Debtor Hanh Thai Williams appeals from an Order for Relief entered by the Bankruptcy Court in an involuntary Chapter 7 bankruptcy proceeding commenced by petitioning creditor Armand Roos.

I.
BACKGROUND

On January 16, 2019, Roos filed an involuntary petition against Williams under Chapter 7 of the Bankruptcy Code.[1] Williams filed a Motion for Summary Judgment arguing that the Involuntary Petition was improperly filed by only one creditor.[2] Roos also filed a Motion for Summary Judgment.[3] The Bankruptcy Court held a hearing on the motions on November 13, 2019, and at that time, orally granted the Roos' Motion for Summary Judgment and denied Williams' Motion for Summary Judgment. On November 21, 2019, the Bankruptcy Court entered an Order which granted Roos' Motion for Summary Judgment and also stated an Order for Relief was entered on the Involuntary Petition.[4] On December 2, 2019, the Bankruptcy Court entered a separate Order for Relief in an Involuntary Case and a bankruptcy trustee was appointed.[5] On

---

[1] Bankruptcy Record, Document 1.
[2] Bankruptcy Record, Document 23.
[3] Bankruptcy Record, Document 28.
[4] Bankruptcy Record, Document 39.
[5] Bankruptcy Record, Document 42.

1

December 3, 2019, Williams filed a Motion for Reconsideration of the November 21, 2019 Order.[6] On December 9, 2019, the Bankruptcy Court denied the Motion for Reconsideration.[7] Williams filed her Notice of Appeal on December 20, 2019.[8]

## II.
## LAW AND ANALYSIS

### A.   Standard of Review.

"The Fifth Circuit has consistently held that the standard of review applicable to bankruptcy appeals in a district court is the same as the standard applied by a Court of Appeals to a district court proceeding."[9] Under those standards, "the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and findings on mixed questions of fact and law are reviewed de novo."[10] According to the Fifth Circuit, review of a bankruptcy court's grant of a summary judgment is subject to de novo review.[11]

### B.   Appellate Jurisdiction.

Roos first asserts that Williams' appeal should be rejected because Williams did not appeal a final order. Roos argues that Williams should have appealed the Order for Relief and not the Order that granted summary judgment. While the Court agrees that the Order for Relief is the appropriate final order to be appealed, in the instant case, the Order entered on November 21, 2019 that granted summary judgment specifically included the language that "the Petitioning Creditor's involuntary petition for relief is GRANTED and pursuant to this Order, ***an order for relief under Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code) is hereby issued*** in the

---

[6] Bankruptcy Record, Document 44.
[7] Bankruptcy Record, Document 53.
[8] Bankruptcy Record, Document 62.
[9] *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008); *AT&T Univ. Car Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) (we apply the same standard of review to the analysis of the bankruptcy court's order as did the district court).
[10] *Id.*
[11] *In re Erle Wine*, 349 F.3d 205, 209 (5th Cir. 2003).

2

captioned case."[12] That order is a final appealable order. The fact that the Bankruptcy Court entered a separate procedural order called Order for Relief on December 2, 2019 does not change the fact that on November 21, 2019, the court entered relief on the involuntary petition. Williams then sought reconsideration of the November 21, 2019 order and then filed the Notice of Appeal, properly attaching the Order denying the Motion for Reconsideration. The Court finds that the appeal was timely and was a proper appeal of a final judgment.[13]

### C. Did Roos Satisfy the Petitioning Creditor Threshold of Section 303(b)?

Williams challenges the Bankruptcy Court's ruling that a single petitioning creditor (Roos) is sufficient to commence an involuntary bankruptcy proceeding against her under Chapter 7 of the Bankruptcy Code. Ordinarily, a debtor commences a voluntary Chapter 7 proceeding simply by filing a petition and the commencement of that action "constitutes an order for relief." 11 U.S.C. §301(b). Under certain circumstances, creditors of a debtor may commence an *involuntary* proceeding under Chapter 7. *See* 11 U.S.C. § 303. The creditors filing an involuntary petition for relief are referred to as "petitioning" creditors.[14] 11 U.S.C. § 303(b) provides the rules for the number of petitioning creditors required to commence an involuntary Chapter 7 case. Section 303(b)(1) requires that at least ***three (3)*** creditors, "each of which is either a holder of a claim against [the debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount" join in the petition to commence an involuntary case, and that their undisputed claims must "aggregate at least $16,750 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims." 11 U.S.C. § 303(b)(1). A ***single***

---

[12] Bankruptcy Case Record, Document 39 (emphasis added)
[13] Roos also argues that Williams failed to adequately brief the issues on appeal. The Court concludes that the briefing is sufficient to rule on the merits of the appeal.
[14] *See, e.g., In re Norris*, 183 B.R. 437, 449 (Bankr. W.D. La. 1995).

petitioning creditor, however, may commence an involuntary case if the debtor has fewer than 12 creditors as long as the petitioning creditor's claims total at least $16,750. 11 U.S.C. § 303(b)(2). Once an involuntary petition is filed, the debtor may contest the petition. *See* Fed. R. Bankr. P. 1011. If the petition is contested, the bankruptcy court must hold a prompt trial. *See* Fed. R. Bankr. P. 1013. Here, Williams contested Roos' petition and the parties filed cross-motions for summary judgment.

Williams contends that her bankruptcy schedules identify 25 individual creditors, thus requiring three petitioning creditors to commence an involuntary case under section 303(b)(1). If Williams did indeed have 25 creditors, the involuntary case should have been dismissed since Roos is the sole petitioning creditor. Roos, however, argues that at least 15 of these 25 creditors must be excluded from the twelve-creditor threshold of section 303(b) because these creditors received preferential transfers that are voidable under 11 U.S.C. § 547.[15] Section 303(b)(2) excludes any creditor who is a "transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title," If these 15 creditors are excluded, this case was properly commenced by a single petitioning creditor under section 303(b)(2). The Bankruptcy Court ruled in Roos' favor on this issue, granted his motion for summary judgement, and entered an order for relief.

On appeal, Williams argues that Bankruptcy Court erred because it did not consider her "ordinary course" defense to avoidance under section 547 in excluding 15 of her creditors. Section 547(b) defines a preferential transfer as (1) a "transfer of an interest of the debtor in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed by the debtor

---

[15] Roos presented evidence that the transfers were avoidable under sections 547, 548 and 549. The Bankruptcy Court, however, concluded that the avoidance arguments under sections 548 and 549 would not be properly before the court on summary judgment and ruled based on avoidability under section 547. Accordingly, the Court will focus its discussion on section 547. *See* Bankruptcy Record, Transcript from November 13, 2019 hearing, p. 10.

before such transfer was made; (3) made while the debtor was insolvent; (4) made … on or within 90 days before the date of the filing of the petition; (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C § 547(b). The summary judgment record reflects, and the parties did not dispute, that the transfers to 15 of Williams' creditors are preferential transfers.[16] Section 547(c)(2), however, states that a preferential transfer is not avoidable "to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or (B) made according to ordinary business terms." 11 U.S.C. § 547(c)(2). Williams contends that the preferential transfers to the 15 creditors cited by Roos and the Bankruptcy Court were payments made "in the ordinary course" under section 547(c)(2) and were not avoidable.

Citing *In re Blaine Richards Co., Inc.*,[17] the Bankruptcy Court ruled that a prima facie showing of a preferential transfer was sufficient to exclude a creditor under section 303(b)(2), and that defenses to avoidance under section 547(c) – including Williams' ordinary course defense – need not be considered in determining whether to exclude a creditor.[18] In *Blaine Richards Co.*, the bankruptcy court excluded the claim of a landlord who had received a payment for four months of past due rent within 90 days of the commencement of the involuntary case.[19] The court observed that "[p]rima facie, the payment to the landlord in September of four months' rent appears to meet the description of a voidable transfer in s 547(b)" and concluded that "[f]or purposes of a threshold

---

[16] Bankruptcy Record, ECF No. 24.
[17] 10 B.R. 424 (Bkrtcy. E.D.N.Y. 1981).
[18] Bankruptcy Record, Transcript from November 13, 2019 hearing, p. 10.
[19] *Id.*

motion of this character, it is not necessary for the Court to determine whether, in fact, a voidable transfer did take place."[20] The *Blaine Richards Co.* court based its holding on its perception of the policies underlying section 303(b) and a presumption about congressional intent:

> The existence of a substantial question [of avoidability] would, in itself, lead a creditor to refuse to participate in putting his debtor into involuntary bankruptcy. It is obviously to the benefit of recipients of preferential transfers for the debtor to stay out of bankruptcy. It is presumably for this reason that Congress excluded such creditors in calculating the number needed to file a petition in voluntary bankruptcy. It would be contrary to the legislative intent to include a creditor which, prima facie, has received a preferential transfer.[21]

Roos contends that, based on *Blaine Richards Co.*, section 547(c) defenses should be ignored in applying the twelve-creditor threshold of section 303(b)(2). The Court disagrees.

The court's holding in *In re Blaine Richards Co., Inc.* ignores the text of section 303(b)(2) and section 547(b). Section 303(b)(2) excludes creditors who are transferees "of a transfer that is voidable" under section 547. Section 547(b) provides that a preferential transfer is avoidable "[e]xcept as provided in subsections (c) and (i) of this section." 11 U.S.C. § 547(b). In other words, a preferential transfer is not avoidable under section 547(b) and, hence, not subject to exclusion under section 303(b)(2), if one of the section 547(c) defenses applies to the transfer. Accordingly, by definition, section 547(c) defenses must be considered in determining whether to exclude a creditor under section 303(b)(2). The *Blaine Richards Co.* court's discussion of the policies underlying section 303(b)(2) and congressional intent may well be correct. But suppositions and presumptions about policy and congressional intent cannot supplant the express language of the statute.[22]

---

[20] *Id.* at 426
[21] *Id.*
[22] Other courts have considered avoidance defenses in assessing whether creditors should be excluded under section 303(b). For example, in *In re Hoover*, 32 B.R. 842 (Bkrtcy. W.D. OK 1983), the petitioning creditors asserted that any creditor who received a payment within 90 days of the filing of the petition had "presumptively received preferential transfers." *Id.* at 848. The court, however, considered the applicability of the ordinary course of business exception in section 547(c) before excluding any creditors. The court reviewed the invoices and receipts presented and was able to conclude which of the transfers would be subject to the ordinary course of business defense. *Id.* at

Turning to the present case, William's section 547(c) "ordinary course" defense must be considered in applying the twelve-creditor threshold of section 303(b)(2). It may well be that Williams' summary judgment submissions do not create a genuine question of material fact as to the ordinary course defense for all 15 creditors that received preferential transfers. If not, Roos may still be entitled to summary judgment. Because this question was not previously addressed on the record, the Court VACATES the Bankruptcy Court's Order granting summary judgment and the court's entry of an Order for Relief, and REMANDS the case to the Bankruptcy Court for further proceedings consistent with this Memorandum Ruling

THUS DONE in Chambers on this 22nd day of January, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

849. The court concluded that any creditors who fell within the ordinary course of business defense must be included in the creditor count under section 303(b). *Id.* at 850.